IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | Criminal Action No. V-11-21 |
| | § | |
| JOSEPH D. JONES | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Joseph D. Jones' ("Jones") Motion to Reconsider Order Denying Motion to Terminate Supervised Release (Dkt. No. 24).

## I. Background

Jones was convicted of failing to register as a sex offender on May 10, 2011. He was sentenced to 6 months imprisonment on August 9, 2011, to be followed by two years supervised release. He was released from the Bureau of Prisons in September 2011. At the time he filed his original Motion to Terminate Probation (Dkt. No. 22), he had served just over one year of his supervised release. At the present time, Jones has served 22 months of his two-year term of supervised release.

## II. Legal Standard

The cases regarding early termination of supervised release or probation are consistent: "A district court may grant an early termination of a remaining term of supervised release after one year of supervised release has elapsed and after the court considers certain factors in 18 U.S.C. § 3553(a), if the defendant's conduct and the interests of justice so warrant." *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011);

1

*United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003); *see also United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).[1]

Caselaw is also consistent in that early termination is discretionary and is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior. *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (citing *Lussier*, 104 F.3d at 36); *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998) (§ 3583(e)(1) "confers broad discretion."); *United States v. Paterno*, 2002 WL 1065682 at *2 (D.N.J., Apr. 30, 2002) (designated unpublished) (collecting cases). Generally, compliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required. *Id.* at *2; *see also United States v. Kay*, 283 Fed. App'x. 944, 946 (3d Cir. 2008) (designated unpublished) (affirming district court's denial of early termination); *United States v. Jimenez*, 2012 WL 3854785 at * (S.D.N.Y., Sept. 5, 2012) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release.").

**III. Analysis**

Jones' Motion to Reconsider first complains that the Court's November 27, 2012 Order incorrectly stated that the guideline range of punishment for Jones' offense was 8–14 months and erroneously concluded that Jones' sentence was less severe than permitted by the guidelines. (*See* Dkt. No. 23 at 1.) Jones is correct. At sentencing, the Court

---

1. Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances-for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release-will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a). *Id.*

adopted the PSR with changes that reduced Jones' guideline imprisonment range from 8–14 months to 6–12 months, to be followed by up to 3 years supervised release. (Dkt. No. 19 at. 1.) Jones was sentenced to 6 months imprisonment and 2 years supervised release, which was not below the guideline range.

Jones next complains that the Court recited that his original Motion to Terminate Probation was opposed, and because the Government did not respond to that motion, "counsel can only assume the Government conveyed its opposition through an *ex parte* communication with the Court, an action to which Mr. Jones strenuously objects." (Dkt. No. 24 ¶ 4.) Counsel appears to have forgotten that the original Motion to Terminate Probation she filed included a Certificate of Conference in which *counsel stated that she conferred with counsel for the Government, and the Government opposed relief.* (Dkt. No. 21-1.) There was no improper *ex parte* communication between the Government and the Court.

Jones also complains that he was not on any type of probation at the time of the present offense. Jones lodged the same objection to his Presentence Investigation Report (PSR). The United States Probation Office addressed this objection in its Addendum to the PSR, and concluded that he was. (Dkt. No. 17.) However, because Jones' criminal history was calculated at a Level I, the Court must have sustained Jones' objection regarding probation, or his criminal history would have been a Level II.

Jones next claims that the interests of justice merit early termination, given the nature and circumstances of the offense, Jones' history and characteristics, the need to deter criminal conduct, the need to protect the public from further crimes of Jones, and the need to provide Jones with appropriate supervision. The Court disagrees. Jones had

substantial unscored criminal history reflecting adult convictions dating from 1994 through 2007. Most were crimes for which he served little or no jail time, except for his conviction for sexual assault in 1998 when as a 21 year old man, he pled guilty to having sex with a minor. (Dkt. No. 15, ¶ 29.) After that conviction, Jones was required to register as a sex offender. Jones also claims that his only offense was a failure to register as a sex offender when he moved to Texas, "an act he was unaware he needed to perform." (Dkt. No. 24 ¶ 8.) However, the record shows that in 2007, Jones received and signed a Notice of Duty to Register form from North Dakota, which stated that "If I should move to another state, I must register in that other state." (Dkt. No. 1.)

The Court's November 27, 2012 order denying Jones' original Motion to Terminate Probation recognized that Jones did not state that his supervised release was impeding his employment. (Dkt. No. 23 at 2.) Jones now states that his employment options are hampered by his supervision. Jones moved to Victoria, Texas, in 2010 knowing that he was required to register as a sex offender and failed to do so. He worked as a contract employee for the Soliz Law Firm in Victoria, Texas and lived with the Werner/Soliz family at the time he was sentenced. (*See* Dkt. No. 15 at ¶ 55.) Leslie Werner represents him in this matter. The motion alleges that Jones' inability to travel outside the Southern District interferes with his employment by The Werner Law Group and that he only earns minimum wage at that firm. The motion does not state to what extent such travel is necessary for Jones' position. The motion further claims that Jones is unable to look for and secure other employment due to his supervised release; however, the terms and conditions of his supervised release do not preclude a change of employment. The conditions of Jones' supervised release merely require that he regularly

work at a lawful occupation and notify his probation officer 10 days before any job change. (Dkt. No. 18 at 3.)

Finally, Jones complains that supervised release impairs his family relationships with relatives who live in the Western and Northern Districts of Texas and those who live in North Dakota. When Jones was interviewed by the Probation Department, Jones did not know how to contact his two sons who live in Indiana with their mother and had no contact with his daughters or son who live with various other relatives in North Dakota. (Dkt. No. 15 at ¶¶ 44-48.) Similarly, although Jones told Probation that he spoke to his father on the telephone every weekend, he did not know his father's telephone number. (*Id.* at 43.)

Having considered Jones' motion and the applicable law, the Court finds that Jones has not shown that his circumstances have changed, such that termination of supervision is warranted.

## III. Conclusion

For the aforementioned reasons, Jones' Motion to Reconsider Order Denying Motion to Terminate Supervised Release (Dkt. No. 24) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 4th day of June, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE